Curia, per JohnstoN, Cx-i.
The second ground of appeal, in relation to the sealed note, has not been pressed here : and the *52 court is perfectly satisfied of the correctness of the circuit decree upon that point of the case.
The first ¿¡round of appeal, which was pressed and argued, hy the appellant’s counsel, with zeal and ingenuity, is equally untenable.
It is insisted, that Edmund took an absolute property in the personalty bequeathed by his father, under the rule in Shelley’s case, (1 Co. 104.)
The rule is stated in that case to be, that, “when the ancestor, by any gift or conveyance, takes an estate of freehold, and, in the same gift or conveyance, an estate is limited, either me-diately or immediately, to his heirs, in fee or in tail, the heirs are words of limitation of the estate and not words of purchase.” It has been supposed to be more fully and accurately defined by Mr. Preston in words to the following efiect: that, “when a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and, in the same instrument, there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate.” 1 Preston on Estates, cited 4 Kent Com. 215. If this rule can be applied to the will under consideration, the plaintiff will be entitled to a decree for the personal pioperty of the testator.
There is no doubt that where, by any instrument, an effort is made “to give the property to the ancestor for life only, and yet extend the enjoyment of it to his heirs, in the same manner, and to the same extent, precisely, as if they took by hereditary succession,” they shall not take by purchase, but by inheritance : and “the freehold of the ancestor shall attract to him the estate imparted by the limitation to his heirs.” 4 Kent, 217. And, generally, wherever the question occurs in relation to a legal interest, or in relation to an equitable interest, not executory in its nature, the rule will be applied.
“The rule,” says Mr. Kent, (4 Kent, 218,) “as to legal estates, has hada prescriptive and uncontrollable authority; but the Courts of Equity have not considered themselves bound to an implicit observance of it in respect to limitations which do not include or carry the legal estate.” They have generally yielded to the obligation of the rule, not only in cases of legal interests, but, also, in cases of executed trusts.
*53 There is, indeed, the great case of Bagshaw vs. Spencer, 1 Ves. Sr. 143, decided in opposition to the previous case of Coulson vs. Coulson, 2 Atk. 246, 570; Str. 1125, in which Lord Hardwicke endeavored, by an elaborate examination of cases, to establish a distinction between legal estates and trusts of every description ; and to appropriate the rule in Shelley’s case exclusively to the former. But this decision, after being much questioned, was overruled in Wright vs. Pearson, 1 Eden, 119, and Jones vs. Morgan, 1 Bro. C. C. 206; and the doctrine seems to be well settled, that executory trusts alone are, as a general class, exempted from the operation of the rule. There are, to be sure, other exeptions to its operation not necessary to be noticed here : but this one is sufficient for the decision of this case.
The test of an executory trust is, that the trustee has some duty to perform, for the performance of which, it is necessary that the title be regarded as abiding in him. Here, nothing can be plainer than that the trustee could not perform the trusts conferred on him without retaining the title and the property. His trust was to maintain Edmund and Susanah during their joint lives, and Susannah, if she should be the survivor, out of the profits and income of the property. She actually survived ; and it was, therefore, impossible, that the trust should have been executed at any time during Edmund’s life. The point is too plain for further discussion.
It is ordered that the decree be affirmed, and the appeal dismissed.
Johnson and Dunkin, CC. concurred.